ASHBURN, J.
This proceeding was instituted by a petition designated as an “Application pursuant to § 2900 of the *763 Elections Code,”[1] and praying for mandamus requiring respondent Hite, as Registrar of Voters, to furnish to petitioner a declaration of candidacy and to accept same together with the appropriate filing fee. We issued an order to show cause.
 Petitioner alleges that he is and has been a registered voter in Los Angeles County since 1954; on March 22 and March 29, 1960, he applied to respondent for a declaration of candidacy for the office of Representative in Congress and tendered the necessary fees; respondent refused to accept the fees or issue the declaration of candidacy; it is the registrar’s duty under section 2670.1, Elections Code,[2] to issue such forms to any candidate[3] who shall apply for same and tender the necessary fees; also his duty under section 2628 to accept the completed declaration and transmit same to the Secretary of State for filing; that petitioner is thus being deprived of the opportunity to run for Congress in his own district. The petition does not state petitioner’s party affiliation or comply with section 2501 which was enacted in 1959 and says: “No declaration of candidacy for a partisan office, either by the candidate himself or by sponsors on his behalf, shall be filed unless at *764 the time of presentation of the declaration and continuous^ for not less than three months immediately prior thereto, the candidate is shown by his affidavit of registration to be affiliated with the political party the nomination of which he seeks.”
Respondent’s return raises this point and shows that petitioner registered as affiliated with the Constitutional party in 1957 and so remained until February 28, 1960, when he registered as a Republican; this was less than three months prior to April 1, 1960, the last day for filing a declaration of candidacy. The truth of this is admitted by petitioner’s counsel. We are persuaded that petitioner’s inability to meet the requirement of section 2501 defeats his present application.
His contention that the registrar has a mandatory administrative duty to issue the form for declaration of candidacy and that this can be compelled by court action does not appeal to our notion of proper procedure. Although section 2670.1 says that “ [s]uch forms shall be distributed without charge to all such candidates applying therefor” upon prepayment of filing fees, section 2501 prohibits the filing of the completed declaration unless it discloses at least three months of affiliation with the political party whose nomination he seeks. Hence the requirement in this case of issuance of the blank form could accomplish nothing beneficial to anyone. It might complicate and delay the preparation and printing of ballots and otherwise work harm.
 Mandamus is a discretionary writ (32 Cal.Jur.2d, § 7, p. 124). “The writ is an equitable remedy and will not always issue as a matter of right. As was said in Gammon v. McKevitt, 50 Cal.App. 656, 665 [195 P. 726], 'the writ of mandamus is not wholly a writ of right, but lies to a considerable extent within the sound judicial discretion of the court where the application is made; and no court should allow a writ of mandate to compel a technical compliance with the letter of the law, where such compliance will violate the spirit of the law.’ ” (Sutro Heights Land Co. v. Merced Irr. Dist., 211 Cal. 670, 704-705 [296 P. 1088].) We hold that this same rule applies to a proceeding under section 2900, Elections Code.
Petition denied and order to show cause discharged.
Fox, P. J., and Richards, J. pro tern.,* concurred.

Elec. Code, § 2900: “Whenever it is made to appear by affidavit to the Supreme Court, district courts of appeal, or superior court of the proper county that an error or omission has occurred or is about to occur in the placing of any name on, or in the printing of, an official primary election ballot, or that any wrongful act has been or is about to be done by any person charged with any duty concerning the primary election, or that any neglect of duty has occurred or is about to occur, such court shall order the officer or person charged with such error, wrong or neglect forthwith to correct the error, desist from the wrongful act or perform the duty, or show cause why he should not do so. Any person who fails to obey the order of such court shall be cited to show cause why he is not in contempt of court. ’ ’

Elec. Code, § 2670.1: “All forms required for nomination and election to all congressional, state and county offices shall be furnished only by the county clerk. At the time of issuance of such forms the county clerk shall type in the forms the name of the candidate and the office for which he is a candidate, and shall imprint a stamp which reads ‘ Official Filing Form ’ and affix his signature. Such forms shall be distributed without charge to all such candidates applying therefor; provided, however, that such forms shall not be distributed except upon the prepayment of the filing fees provided for in Sections 2671, 2671.5 and 2672 of this code. Such filing fees shall not be refunded in the event the candidate fails to qualify as a candidate.” The term “county clerk” as here used means “registrar of voters” (see § 17).

Elec. Code, § 4501: “‘Candidate’ means any person who seeks nomination or election to a federal, state, county, judicial, hospital district, or municipal office in a general law or chartered city at any election or primary conducted within this State. ‘ Candidate ’ also includes persons seeking election to a county central committee at the direct, primary election.”

 Assigned by Chairman of Judicial Council.